Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1864 Route 70 East
Cherry Hill, NJ 08003
(856) 761-5090
Attorney for Plaintiff, Natasha Morales

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____

| | |
|---|---|
| NATASHA MORALES, | |
| | Civil Action No. _____ |
| Plaintiff | |
| vs. | |
| | **COMPLAINT** |
| COUNTY OF CAMDEN, CAMDEN COUNTY SHERIFF'S OFFICE, INVESTIGATOR MARK KEMNER, INVESTIGATOR VINCENT SCHMIDT, LIEUTENANT ROBERT PLEWS, SERGEANT SCOT MENNEL, and UNKNOWN CAMDEN COUNTY OFFICIAL, | |
| | **JURY TRIAL [x] Yes  [ ] No** |
| Defendants | |

_____

PARTIES

1. Plaintiff, NATASHA MORALES, is an adult individual, who resides at 324 N. 37th Street, in the Township of Pennsauken, County of Camden, and State of New Jersey.

2. Defendant, INVESTIGATOR MARK KEMNER, is an adult individual, who is an employee of Defendant, CAMDEN COUNTY SHERIFF'S OFFICE, with a principal office at 520 Market Street, in the City of Camden, County of Camden, and State of New Jersey.

3. On October 11, 2019, Defendant, INVESTIGATOR MARK KEMNER, was assigned to the United States Marshals Service, with a principal office at U.S. Courthouse Annex, 402 Cooper St., Rm. 1017, in the City of Camden, Cty. of Camden, and State of New Jersey.

4. Defendant, INVESTIGATOR VINCENT SCHMIDT, is an adult individual, who is an employee of Defendant, CAMDEN COUNTY SHERIFF'S OFFICE, with a principal office at 520 Market Street, in the City of Camden, Cty. of Camden, and State of New Jersey.

5. On October 11, 2019, Defendant, INVESTIGATOR VINCENT SCHMIDT, was assigned to the United States Marshals Service, with a principal office at U.S. Courthouse Annex, 402 Cooper St., Room 1017, in the City of Camden, Cty. of Camden, and State of New Jersey.

6. Defendant, LIEUTENANT ROBERT PLEWS, is an adult individual, who is an employee of Defendant, CAMDEN COUNTY SHERIFF'S OFFICE, with a principal office at 520 Market Street, in the City of Camden, County of Camden, and State of New Jersey.

7. On October 11, 2019, Defendant, LIEUTENANT ROBERT PLEWS, was assigned to the United States Marshals Service, with a principal office at U.S. Courthouse Annex, 402 Cooper St., Room 1017, in the City of Camden, Cty. of Camden, and State of New Jersey.

8. Defendant, SERGEANT SCOT MENNEL, is an adult individual, who is an employee of Defendant, CAMDEN COUNTY SHERIFF'S OFFICE, with a principal office at 520 Market Street, in the City of Camden, County of Camden, and State of New Jersey.

9. On October 11, 2019, Defendant, SERGEANT SCOT MENNEL, was assigned to the United States Marshals Service, with a principal office at U.S. Courthouse Annex, 402 Cooper Street, Room 1017, in the City of Camden, County of Camden, and State of New Jersey.

10. Defendant, COUNTY OF CAMDEN, is a public entity, with a principal office at 520 Market Street, 14th Floor, in the City of Camden, County of Camden, and State of New Jersey.

11. Defendant, CAMDEN COUNTY SHERIFF'S OFFICE, is a public entity, with a principal office at 520 Market Street, in the City of Camden, Cty. of Camden, and State of New Jersey.

12. Defendant, UNKNOWN CAMDEN COUNTY OFFICIAL, is an employee of the County of Camden, with a principal office at 520 Market Street, 14th Floor, in the City of Camden, County of Camden, and State of New Jersey.

## JURISDICTION

13. The basis for jurisdiction is *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971).

## STATEMENT OF THE CASE

14. Defendant, INVESTIGATOR MARK KEMNER, acting in his individual capacity, was at all times relevant herein acting in the course of his employment with Defendant, CAMDEN COUNTY SHERIFF'S OFFICE.

15. Defendant, INVESTIGATOR MARK KEMNER, acting in his individual capacity, was at all time relevant herein acting in the course of his assignment to the U.S. Marshals Service.

16. Def., INVESTIGATOR MARK KEMNER, was at all times acting under color of state law.

17. Defendant, INVESTIGATOR VINCENT SCHMIDT, acting in his individual capacity, was at all times relevant herein acting in the course of his employment with Defendant, CAMDEN COUNTY SHERIFF'S OFFICE.

18. Def., INVESTIGATOR VINCENT SCHMIDT, acting in his individual capacity, was at all times relevant herein acting in the course of his assignment to the U.S. Marshals Service.

19. Def., INVESTIGATOR VINCENT SCHMIDT, was at all times acting under color of state law.

20. Defendant, LIEUTENANT ROBERT PLEWS, acting in his individual capacity, was at all times relevant herein acting in the course of his employment with Defendant, CAMDEN COUNTY SHERIFF'S OFFICE.

21. Defendant, LIEUTENANT ROBERT PLEWS, acting in his individual capacity, was at all times relevant herein acting in the course of his assignment to the U.S. Marshals Service.

22. Def., LIEUTENANT ROBERT PLEWS, was at all times acting under color of state law.

23. Defendant, SERGEANT SCOT MENNEL, acting in his individual capacity, was at all times relevant herein acting in the course of his employment with Defendant, CAMDEN COUNTY SHERIFF'S OFFICE.

24. Defendant, SERGEANT SCOT MENNEL, acting in his individual capacity, was at all times relevant herein acting in the course of his assignment to the U.S. Marshals Service.

25. Defendant, COUNTY OF CAMDEN, is responsible for the operation of the Camden County Sheriff's Office.

26. On October 11, 2019, at approximately 6 A.M., Plaintiff, NATASHA MORALES, was an occupant of Apartment 1 at 324 N. 37th Street, in the Township of Pennsauken, County of Camden, and State of New Jersey 08110.

27. On the aforesaid date, and at the aforesaid time and place, Plaintiff, NATASHA MORALES, was home asleep in her bed.

28. On October 4, 2019, Defendants, INVESTIGATOR MARK KEMNER and INVESTIGATOR VINCENT SCHMIDT, had obtained a search warrant for entry into Apartment 1 at 324 N. 37th Street, Pennsauken, New Jersey (mistakenly designated on the search warrant as being in Camden, NJ 08104).

29. On October 11, 2019, at approximately 6 A.M., Defendant, INVESTIGATOR MARK KEMNER, as a member of a squad of officers, entered into Apartment 1 at 324 N. 37th Street, Pennsauken, New Jersey 08110, for the purpose of executing the search warrant for Apartment 1 at 324 N. 37th Street, Camden, NJ 08104, signed on October 4, 2019.

30. On October 11, 2019, at approximately 6 A.M., Defendant, INVESTIGATOR VINCENT SCHMIDT, as a member of a squad of officers, entered into Apartment 1 at 324 N. 37th Street, Pennsauken, New Jersey 08110, for the purpose of executing the search warrant for Apartment 1 at 324 N. 37th Street, Camden, NJ 08104, signed on October 4, 2019.

31. On October 11, 2019, at approximately 6 A.M., Defendant, LIEUTENANT ROBERT PLEWS, as a member of a squad of officers, entered into Apartment 1 at 324 N. 37th Street, Pennsauken, New Jersey 08110, for the purpose of executing the search warrant for Apartment 1 at 324 N. 37th Street, Camden, NJ 08104, signed on October 4, 2019.

32. On October 11, 2019, at approximately 6 A.M., Defendant, SERGEANT SCOT MENNEL, as a member of a squad of officers, entered into Apartment 1 at 324 N. 37th Street, Pennsauken, New Jersey 08110, for the purpose of executing the search warrant for Apartment 1 at 324 N. 37th Street, Camden, NJ 08104, signed on October 4, 2019.

33. Defendant, INVESTIGATOR MARK KEMNER, as commander, gave the orders which were obeyed by the other officers who comprised the squad which entered Apartment 1.

34. Def., INVESTIGATOR VINCENT SCHMIDT, as commander, gave the orders which were obeyed by the other officers who comprised the squad which entered Apartment 1.

35. Defendant, LIEUTENANT ROBERT PLEWS, as commander, gave the orders which were obeyed by the other officers who comprised the squad which entered Apartment 1.

36. Defendant, SERGEANT SCOT MENNEL, as commander, gave the orders which were obeyed by the other officers who comprised the squad which entered Apartment 1.

37. Once inside Apartment 1 at 324 N. 37th Street, Pennsauken, New Jersey, the officers roused the other occupants of the apartment from their beds.

38. One other occupant of the apartment at the time of the subject entry was Joshua Calo, an adult male individual.

39. Another occupant of the apartment at the time of the subject entry was Tyrell Rogers, an adult male individual.

40. Another occupant of the apartment at the time of the subject entry was Plaintiff.

41. One of the officers arrested Joshua Calo.

42. One of the officers directed Tyrell Rogers and Plaintiff to move into the living room and sit.

43. Tyrell Rogers and Plaintiff obeyed the command to move into the living room and sit and did so.

44. The officers then searched the apartment for about ten minutes.

45. In the course of their search of the apartment, the officers found a gun.

46. The gun was found in the rear bedroom in a closet filled with a man's clothes.

47. The logical inference to be drawn from the location where the gun was found was that the closet where it was found belonged to a man.

48. Since it could be logically inferred that the closet where the gun was found belonged to a man, it could also be logically inferred that the gun belonged to a man.

49. After the gun was found, one of the officers, a bald-headed man with no hat, came into the living room, holding aloft the gun which had been found in the back bedroom closet filled with a man's clothes.

50. The officer holding the gun then directed a verbal question to Tyrell Rogers and Plaintiff, who were sitting in the living room.

51. Tyrell Rogers and Plaintiff each heard the question directed to them while they were sitting in the living room.

52. The question directed to Tyrell Rogers and Plaintiff, while holding up the gun, may be paraphrased as "whose gun is this?"

53. Tyrell Rogers verbally answered the question, "whose gun is this?"

54. The officer holding the gun heard & understood Tyrell Rogers' answer to his query.

55. Plaintiff heard & understood Tyrell Rogers' answer to the query, "whose gun is this?"

56. Tyrell Rogers answered "it's mine."

57. One of the officers arrested Tyrell Rogers for possession of the gun discovered during the course of the search of Apartment 1.

58. Once Tyrell Rogers was arrested, the execution of the search warrant for Apartment 1 was now complete.

59. Upon conclusion of the execution of the search warrant for Apartment 1, criminal charges were filed against Joshua Calo and Tyrell Rogers *only* by the officers who had participated in the execution of the search warrant for Apartment 1.

60. Upon conclusion of the execution of the search warrant for Apartment 1, no criminal charges were filed against Plaintiff by the officers who had participated in the execution of the search warrant for Apartment 1.

61. Notwithstanding the conclusion of the execution of the search warrant for Apartment 1, Plaintiff, NATASHA MORALES, was commanded against her will to remain seated in the living room of Apartment 1, handcuffed, by the same bald-headed officer with no hat who had held the gun aloft.

62. Plaintiff, NATASHA MORALES, was further detained by order of Defendant, INVESTIGATOR MARK KEMNER.

63. Plaintiff, NATASHA MORALES, was further detained by order of Defendant, INVESTIGATOR VINCENT SCHMIDT.

64. Plaintiff, NATASHA MORALES, was further detained by order of Defendant, LIEUTENANT ROBERT PLEWS.

65. Plaintiff, NATASHA MORALES, was further detained by order of Defendant, SERGEANT SCOT MENNEL.

66. Def., INVESTIGATOR MARK KEMNER, said to Plaintiff "we are taking you for one hour."

67. Def., INVESTIGATOR VINCENT SCHMIDT, said to Plf. "we are taking you for one hour."

68. Def., LIEUTENTANT ROBERT PLEWS, said to Plaintiff "we are taking you for one hour."

69. Defendant, SERGEANT SCOT MENNEL, said to Plaintiff "we are taking you for one hour."

70. Plaintiff requested of the same bald-headed officer with no hat who had held the gun aloft that she be allowed to put on clothes.

71. The same bald-headed officer who had held the gun aloft allowed Plaintiff to put on clothes, unhandcuffed, in the bathroom.

72. After she had put on clothes, Plaintiff, NATASHA MORALES, was again commanded against her will to remain seated in the living room of Apartment 1, handcuffed, by the same bald-headed officer with no hat who had held the gun aloft.

73. Plaintiff, NATASHA MORALES, was further detained by order of Defendant, INVESTIGATOR MARK KEMNER.

74. Plaintiff, NATASHA MORALES, was further detained by order of Defendant, INVESTIGATOR VINCENT SCHMIDT.

75. Plaintiff, NATASHA MORALES, was further detained by order of Defendant, LIEUTENANT ROBERT PLEWS.

76. Plf., NATASHA MORALES, was further detained by order of Def., SGT. SCOT MENNEL.

77. After being further detained for a few minutes in the living room of Apartment 1, Plaintiff, NATASHA MORALES, was commanded to move, handcuffed, out of the apartment to a vehicle, for the purpose of transport to another location, by the same bald-headed officer with no hat who had held the gun aloft.

9

78. Plaintiff, NATASHA MORALES, was ordered to move out of Apartment 1 to a vehicle for the purpose of transport to another location by Def., INVESTIGATOR MARK KEMNER.

79. Plaintiff, NATASHA MORALES, was ordered to move out of Apartment 1 to a vehicle for the purpose of transport to another location by Def., INVESTIGATOR VINCENT SCHMIDT.

80. Plaintiff, NATASHA MORALES, was ordered to move out of Apartment 1 to a vehicle for the purpose of transport to another location by Def., LIEUTENANT ROBERT PLEWS.

81. Plaintiff, NATASHA MORALES, was ordered to move out of Apartment 1 to a vehicle for the purpose of transport to another location by Def., SERGEANT SCOT MENNEL.

82. The officers who executed the search warrant for Apartment 1 did not have an arrest warrant for Plaintiff.

83. Plaintiff did not consent to being further detained in nor removed from Apartment 1.

84. Plaintiff, NATASHA MORALES, was transported in a vehicle to the Camden County Sheriff's Office, at 520 Market Street, Camden, New Jersey.

85. Plaintiff, NATASHA MORALES, was transported to the Camden County Sheriff's Office by order of Defendant, INVESTIGATOR MARK KEMNER.

86. Plaintiff, NATASHA MORALES, was transported to the Camden County Sheriff's Office by order of Defendant, INVESTIGATOR VINCENT SCHMIDT.

87. Plaintiff, NATASHA MORALES, was transported to the Camden County Sheriff's Office by order of Defendant, LIEUTENANT ROBERT PLEWS.

88. Plaintiff, NATASHA MORALES, was transported to the Camden County Sheriff's Office by order of Defendant, SERGEANT SCOT MENNEL.

89. Plaintiff was held in the Camden County Sheriff's Office for approximately one hour.

90. Plaintiff, NATASHA MORALES, was held at the Camden County Sheriff's Office by order of Defendant, INVESTIGATOR MARK KEMNER.

91. Plaintiff, NATASHA MORALES, was held at the Camden County Sheriff's Office by order of Defendant, INVESTIGATOR VINCENT SCHMIDT.

92. Plaintiff, NATASHA MORALES, was held at the Camden County Sheriff's Office by order of Defendant, LIEUTENANT ROBERT PLEWS.

93. Plaintiff, NATASHA MORALES, was held at the Camden County Sheriff's Office by order of Defendant, SERGEANT SCOT MENNEL.

94. Plaintiff, NATASHA MORALES, was not questioned while she was held at the Camden County Sheriff's office other than about whether she had a criminal record.

95. After approximately one hour, Plaintiff was told she was released, free to go, not charged with any criminal offense.

96. Defendant, UNKNOWN CAMDEN COUNTY OFFICIAL, acting in his/her official capacity, was a person with final policy-making authority on procedures for when officers may take persons, who are present at an active scene including an active search warrant scene, to the station house for purposes of further investigation, when those persons may have some further value for investigative purposes of the officer or of the department or may be suspected of having engaged in criminal activity.

97. Defendant, UNKNOWN CAMDEN COUNTY OFFICIAL's decisions represented final policy.

98. Defendant, MARK KEMNER, implemented a policy promulgated by Defendant, UNKNOWN CAMDEN COUNTY OFFICIAL, when he gave the order to take Plaintiff, NATASHA MORALES, to the Camden County Sheriff's Office on October 11, 2019, and hold her there.

99. Defendant, VINCENT SCHMIDT, implemented a policy promulgated by Defendant, UNKNOWN CAMDEN COUNTY OFFICIAL, when he gave the order to take Plaintiff, NATASHA MORALES, to the Camden County Sheriff's Office on October 11, 2019, and hold her there.

100. Defendant, LIEUTENANT ROBERT PLEWS, implemented a policy promulgated by Defendant, UNKNOWN CAMDEN COUNTY OFFICIAL, when he gave the order to take Plaintiff, NATASHA MORALES, to the Camden County Sheriff's Office on October 11, 2019, and hold her there.

101. Defendant, SERGEANT SCOT MENNEL, implemented a policy promulgated by Defendant, UNKNOWN CAMDEN COUNTY OFFICIAL, when he gave the order to take Plaintiff, NATASHA MORALES, to the Camden County Sheriff's Office on October 11, 2019, and hold her there.

INJURIES

102. As a direct and proximate result of the acts of the Defendants, as aforesaid, Plaintiff, NATASHA MORALES, suffered psychological injuries, required treatment, incurred medical expense, and suffered emotional distress and mental anguish.

COUNT I

*BIVENS* CLAIM FOR UNREASONABLE DURATION OF DETENTION IN APARTMENT 1 AGAINST INDIVIDUAL DEFENDANTS ACTING IN THEIR INDIVIDUAL CAPACITIES AS PERSONS ASSIGNED TO THE U.S. MARSHALS SERVICE

103. The law recognizes a right not to be subjected to a detention incident to the execution of a search warrant which is unreasonable due to its duration and degree of intrusiveness.

104. The law further recognizes that the right not to be subjected to a detention incident to the execution of a search warrant which is unreasonable due to its duration includes the principle that once the execution of the search warrant is over, the prolonged detention of a detainee must be supported by probable cause.

105. The law further recognizes that the right upon which Plaintiff relies arises under the Fourth Amendment.

106. Plaintiff, NATASHA MORALES, sues under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971), insofar as Defendants, INVESTIGATOR MARK KEMNER, INVESTIGATOR VINCENT SCHMIDT, LIEUTENANT ROBERT PLEWS, and/or SERGEANT SCOT MENNEL, were acting under assignment to the U.S. Marshals Service.

107. By prolonging the detention of Plaintiff without probable cause and without her consent in Apartment 1 after the execution of the search warrant was over, Defendants, INVESTIGATOR MARK KEMNER, INVESTIGATOR VINCENT SCHMIDT, LIEUTENANT ROBERT PLEWS, and SERGEANT SCOT MENNEL, violated her right under the Fourth Amendment.

COUNT II

*BIVENS CLAIM* FOR UNREASONABLE DURATION OF DETENTION BY REASON OF TRANSPORT OUT OF APARTMENT 1 AND BEING HELD AT THE SHERIFF'S OFFICE AGAINST INDIVIDUAL DEFENDANTS ACTING IN THEIR INDIVIDUAL CAPACITIES AS PERSONS ASSIGNED TO THE U.S. MARSHALS SERVICE

108. The law recognizes a right not to be subjected to a detention incident to the execution of a search warrant which is unreasonable due to the scope of the detention, which depends on its location, length, and degree of intrusiveness.

109. The law further recognizes that the right not to be subjected to a detention incident to the execution of a search warrant which is unreasonable due to its scope includes the principle that once a detainee is transported and held at the station house, her transport and prolonged detention at the station house must be supported by probable cause.

110. The law further recognizes that the right upon which Plaintiff relies arises under the Fourth Amendment.

111. Plaintiff, NATASHA MORALES, sues under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971).

112. By prolonging the detention of Plaintiff without probable cause and without her consent by transporting her from Apartment 1 and holding her at the Sheriff's Office, Defendants, INVESTIGATOR MARK KEMNER, INVESTIGATOR VINCENT SCHMIDT, LIEUTENANT ROBERT PLEWS, and SERGEANT SCOT MENNEL, violated her right under the Fourth Amendment.

## COUNT III

### 42 U.S.C. SECTION 1983 CLAIM FOR UNREASONABLE DURATION OF DETENTION IN APARTMENT 1 AGAINST INDIVIDUAL DEFENDANTS ACTING IN THEIR INDIVIDUAL CAPACITIES AS EMPLOYEES OF THE CAMDEN COUNTY SHERIFF'S OFFICE

113. The law recognizes a right not to be subjected to a detention incident to the execution of a search warrant which is unreasonable due to its duration and degree of intrusiveness.

114. The law further recognizes that the right not to be subjected to a detention incident to the execution of a search warrant which is unreasonable due to its duration includes the principle that once the execution of the search warrant is over, the prolonged detention of a detainee must be supported by probable cause.

115. The law further recognizes that the right upon which Plaintiff relies arises under the Fourth Amendment.

116. Plaintiff, NATASHA MORALES, sues under 42 U.S.C. Section 1983, insofar as Defendants, INVESTIGATOR MARK KEMNER, INVESTIGATOR VINCENT SCHMIDT, LIEUTENANT ROBERT PLEWS, and SERGEANT SCOT MENNEL, were acting as employees of the Camden County Sheriff's Office.

117. By prolonging the detention of Plaintiff without probable cause and without her consent in Apartment 1 after the execution of the search warrant was over, Defendants, INVESTIGATOR MARK KEMNER, INVESTIGATOR VINCENT SCHMIDT, LIEUTENANT ROBERT PLEWS, and SERGEANT SCOT MENNEL, violated her right under the Fourth Amendment.

## COUNT IV

## 42 U.S.C. SECTION 1983 CLAIM FOR UNREASONABLE DURATION OF DETENTION BY REASON OF TRANSPORT OUT OF APARTMENT 1 AND BEING HELD AT THE SHERIFF'S OFFICE AGAINST INDIVIDUAL DEFENDANTS ACTING IN THEIR INDIVIDUAL CAPACITIES AS EMPLOYEES OF THE CAMDEN COUNTY SHERIFF'S OFFICE

118. The law recognizes a right not to be subjected to a detention incident to the execution of a search warrant which is unreasonable due to the scope of the detention, which depends on its location, length, and degree of intrusiveness.

119. The law further recognizes that the right not to be subjected to a detention incident to the execution of a search warrant which is unreasonable due to its scope includes the principle that once a detainee is transported and held at the station house, her transport and prolonged detention at the station house must be supported by probable cause.

120. The law further recognizes that the right upon which Plaintiff relies arises under the Fourth Amendment.

121. Plaintiff, NATASHA MORALES, sues under 42 U.S.C. Section 1983.

122. By prolonging the detention of Plaintiff without probable cause and without her consent by transporting her from Apartment 1 and holding her at the Sheriff's Office, Defendants, INVESTIGATOR MARK KEMNER, INVESTIGATOR VINCENT SCHMIDT, LIEUTENANT ROBERT PLEWS, and SERGEANT SCOT MENNEL, violated her right under the Fourth Amendment.

COUNT V

NJCRA CLAIM FOR UNREASONABLE DURATION OF DETENTION IN APARMENT 1 AGAINST INDIVIDUAL DEFENDANTS ACTING IN THEIR INDIVIDUAL CAPACITIES AS EMPLOYEES OF THE CAMDEN COUNTY SHERIFF'S OFFICE

123. The law recognizes a right not to be subjected to a detention incident to the execution of a search warrant which is unreasonable due to its duration and degree of intrusiveness.

124. The law further recognizes that the right not to be subjected to a detention incident to the execution of a search warrant which is unreasonable due to its duration includes the principle that once the execution of the search warrant is over, the prolonged detention of a detainee must be supported by probable cause.

125. The law further recognizes that the right upon which Plaintiff relies arises under the N.J. Constitution Article I Paragraph 7.

126. Plaintiff, NATASHA MORALES, sues under the NJCRA, insofar as Defendants, INVESTIGATOR MARK KEMNER, INVESTIGATOR VINCENT SCHMIDT, LIEUTENANT ROBERT PLEWS, and SERGEANT SCOT MENNEL, were acting as employees of the Camden County Sheriff's Office.

127. By prolonging the detention of Plaintiff without probable cause and without her consent in Apartment 1 after the execution of the search warrant was over, Defendants, INVESTIGATOR MARK KEMNER, INVESTIGATOR VINCENT SCHMIDT, LIEUTENANT ROBERT PLEWS, and SERGEANT SCOT MENNEL, violated her right under the N.J. Constitution  Article I Paragraph 7.

COUNT VI

NJCRA CLAIM FOR UNREASONABLE DURATION OF DETENTION BY REASON OF TRANSPORT OUT OF APARTMENT 1 AND BEING HELD AT THE SHERIFF'S OFFICE AGAINST INDIVIDUAL DEFENDANTS ACTING IN THEIR INDIVIDUAL CAPACITIES AS EMPLOYEES OF THE CAMDEN COUNTY SHERIFF'S OFFICE.

128. The law recognizes a right not to be subjected to a detention incident to the execution of a search warrant which is unreasonable due to the scope of the detention, which depends on its location, length, and degree of intrusiveness.

129. The law further recognizes that the right not to be subjected to a detention incident to the execution of a search warrant which is unreasonable due to its scope includes the principle that once a detainee is transported and held at the station house, her transport and prolonged detention at the station house must be supported by probable cause.

130. The law further recognizes that the right upon which Plaintiff relies arises under the N.J. Constitution Article I Paragraph 7.

131. Plaintiff, NATASHA MORALES, sues under the NJCRA.

132. By prolonging the detention of Plaintiff without probable cause and without her consent by transporting her from Apartment 1 and holding her at the Sheriff's Office, Defendants, INVESTIGATOR MARK KEMNER, INVESTIGATOR VINCENT SCHMIDT, LIEUTENANT ROBERT PLEWS, and SERGEANT SCOT MENNEL violated her right under the N.J. Constitution Article I Paragraph 7.

COUNT VII

42 U.S.C. SECTION 1983 *MONELL* CLAIM FOR PROMULGATION OF A POLICY VIOLATING A RIGHT PROTECTING AGAINST UNREASONABLE DURATION OF DETENTION AGAINST INDIVIDUAL DEFENDANT ACTING IN HIS/HER OFFICIAL CAPACITY AND AGAINST PUBLIC ENTITY DEFENDANTS

133. Defendant, UNKNOWN CAMDEN COUNTY OFFICIAL, was a person with final policy-making authority on procedures for officers to prolong detention and take detainees into custody incident to the execution of a search warrant, under circumstances where detainees, who are present at an active execution of a search warrant, may have some value for investigative purposes of the officer or of the department or may be suspected of having engaged in criminal activity.

134. Defendant, UNKNOWN CAMDEN COUNTY OFFICIAL's decisions represented final policy.

135. The law recognizes that a person, acting in his/her official capacity, may be subject to a suit for damages under 42 U.S.C. Section 1983 by promulgating a policy which, when executed, violates a substantive right.

136. By promulgating a policy for officers to prolong detention and take detainees into custody and hold them, as aforesaid, Defendant, UNKNOWN CAMDEN COUNTY OFFICIAL, acting in his/her official capacity, promulgated a policy which, when implemented, violated the substantive right of Plaintiff, NATASHA MORALES, under the Fourth Amendment.

137. The policy promulgated by Defendant, UNKNOWN CAMDEN COUNTY OFFICIAL, was implemented on October 11, 2019 by Defendants, INVESTIGATOR MARK KEMNER,

INVESTIGATOR VINCENT SCHMIDT, LIEUTENANT ROBERT PLEWS, and SERGEANT SCOT MENNEL, with regard to Plaintiff.

138.    By reason of the implementation of the policy on October 11, 2019 by Defendants, INVESTIGATOR MARK KEMNER, INVESTIGATOR VINCENT SCHMIDT, LIEUTENANT ROBERT PLEWS, and SERGEANT SCOT MENNEL, Plaintiff, NATASHA MORALES, was deprived of a substantive right or had a substantive right interfered with under the Fourth Amendment.

139.    Defendants, COUNTY OF CAMDEN and CAMDEN COUNTY SHERIFF'S OFFICE, are liable applying *Monell* for the establishment of a policy by Defendant, UNKNOWN CAMDEN COUNTY OFFICIAL, which, when implemented, caused a deprivation of or interference with Plaintiff's substantive right.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, NATASHA MORALES, demands judgment against Defendants for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

## JURY DEMAND

Plaintiff, NATASHA MORALES, requests a trial by jury of all issues which are triable by a jury.

KOBER LAW FIRM, LLC

BY:   s/ Peter Kober
       Peter Kober, Esq.

DATED: May 28, 2021