UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

--------------------------------

NATASHA MORALES,                    No. 1:21-cv-11961-NLH-AMD

　　　　　　　Plaintiff,          **OPINION**

　　　v.

COUNTY OF CAMDEN, et al.

　　　　　　　Defendants.

--------------------------------

**APPEARANCES**:

PETER M. KOBER
1864 RTE 70 EAST
CHERRY HILL, NJ 08003

　　　　　*On behalf of Plaintiff*

JOHN T. STINSON, JR
DOJ-USAO
401 MARKET STREET, 4TH FLOOR
CAMDEN, NJ 08101

　　　　　*On behalf of the Marshal Defendants*


**Hillman**, District Judge

　　　This matter comes before the Court on the motion for judgment on the pleadings by Mark Kemner, Vincent Schmidt, Michael Biazzo, Stephen Bezich, Joseph Goonan, and Baruch Zepeda (the "Marshal Defendants"). (ECF 27).  Also before the Court is the motion to dismiss the original Complaint by two of the Marshal Defendants (ECF 13) and a motion by Plaintiff to file a Second Amended Complaint (ECF 33).  For the reasons expressed

1

below, the Court will grant the Marshal Defendants' motion for judgment on the pleadings, deny as moot the motion to dismiss the original Complaint, and deny as futile Plaintiff's motion to file a Second Amended Complaint.

## BACKGROUND

On October 11, 2019, around 6 a.m., a group of police officers with the Camden County Sheriff's Office and the Marshal Defendants, several Special Deputy United States Marshals, executed a search warrant issued by a New Jersey state court at Apartment 1, 324 N. 37th Street, Pennsauken, New Jersey. (ECF 26 at 8).  The warrant stated that there was probable cause to believe that there was evidence of drug distribution in the apartment. (ECF 26-1 at 2).  When the officers and the Marshal Defendants entered the apartment, there were three occupants: Natasha Morales ("Plaintiff"), Joshua Calo, and Tyrell Rogers. (See generally, ECF 16).  Plaintiff and Rogers were sleeping in the same room while Calo was sleeping in his own room. (ECF 26-2 at 3).

The officers and the Marshal Defendants searched the apartment and discovered a firearm in the room where Plaintiff was sleeping. (Id.)  They also found "ammunition with the handgun they recovered; 33.5 ounces of what appeared to be marijuana in one bedroom; 4.1 ounces of what appeared to be marijuana in another bedroom; counterfeit currency, and various

2

amounts of United States currency, among other things." (ECF 26 at 12).  During the 10-minute search, Plaintiff and Rogers were asked to sit in the living room which they did.  (ECF 16 at 12).  Plaintiff alleges that she was handcuffed during the search. (Id. at 14).

After finding the gun, one of the officers asked to whom it belonged, and Rogers indicated that it was his.  (Id. at 13).  Both Rogers and Calo were arrested on the scene.  (Id. at 14).  At the conclusion of the search, Plaintiff was informed that she would be taken to the police station for one hour while Calo and Rogers were questioned.  (Id. at 14-19).  After the hour had elapsed, Plaintiff was told that she was free to go and that no criminal charges would be filed against her.  (Id.)

Plaintiff initially filed this action on May 28, 2021. (ECF 1).  Two of the Marshal Defendants filed a motion to dismiss the Complaint on August 19, 2021.  (ECF 13).  However, before that briefing was completed, Plaintiff filed an Amended Complaint.[1]  (ECF 16).  The Amended Complaint contained eight counts premised on Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), 42 U.S.C. § 1983, and the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-1, et

---

[1] Because the Amended Complaint now supersedes the original Complaint, the Court will deny the August 19, 2021 motion to dismiss (ECF 13) as moot.

seq., ("NJCRA").  On November 1, 2021, the Marshal Defendants answered the Amended Complaint (ECF 26) and moved for judgment on the pleadings on all the counts against them.[2] (ECF 27).  On December 6, 2021, Plaintiff filed a motion to file a Second Amended Complaint to address the arguments in the motion for judgment on the pleadings.[3]  (ECF 33).  The Court considers the pending motions against this factual background.

## DISCUSSION

### A. Subject Matter Jurisdiction

This Court exercises subject matter jurisdiction over this matter pursuant to 23 U.S.C. § 1331 and § 1367.

### B. Legal Standard of a Motion for Motion to Dismiss and Judgment on the Pleadings

A motion for judgment on the pleadings is governed by Rule 12(c).  Ellaisy v. City of Atl. City, 2021 WL 4473139, at *2 n.4 (D.N.J. Sept. 30, 2021).  Fed. R. Civ. P. 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay

---

[2] On November 9, 2021, the parties stipulated to a dismissal of all the other defendants in the case except for defendant Timothy Houck.  (ECF 29).

[3] Plaintiffs' Amended Complaint does not plead the involvement of the Marshal Defendants in Counts V and VIII, which allege the promulgation of an unlawful policy by an official of Camden County, Camden County, and the Camden County Sheriff's Office. (ECF 16 at 23-24, 25-26).  The Court does not perceive that Plaintiff is trying to state a claim against the Marshal Defendants in those Counts, but even if she were, for the reasons expressed below, they would be dismissed.

trial—a party may move for judgment on the pleadings."  In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Rule 12(b)(6).  Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991).  Therefore, in analyzing the motion for judgment on the pleadings, the Court will proceed in its analysis in the same fashion as it would for a motion to dismiss based on Rule 12(b)(6).

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original)

5

(citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to

federal complaints before <u>Twombly</u>.").  "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'"  <u>Malleus</u>, 641 F.3d at 563 (quoting <u>Twombly</u>, 550 U.S. at 570).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. <u>S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.</u>, 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

**C. Analysis**

**a. Counts I and II: <u>Bivens</u> Claims for Unreasonable Duration of Arrest and False Arrest**

Plaintiff alleges that the Marshal Defendants violated her Fourth Amendment rights by detaining her for ten minutes while they searched her apartment and transporting her to the police

station and holding her for an additional hour.  She invokes
this Court's jurisdiction under Bivens v. Six Unknown Named
Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which
created an implied cause of action based on a violation of the
Fourth Amendment by federal officers.

In Ziglar v. Abbasi, the Supreme Court concluded "that
expanding the Bivens remedy is now a 'disfavored' judicial
activity." --- U.S. ----, 137 S. Ct. 1843, 1857, 198 L.Ed.2d 290
(2017).  It held that federal courts should exercise caution
before extending the remedy to claims that are meaningfully
different than "the three Bivens claims the Court has approved
in the past: a claim against FBI agents for handcuffing a man in
his own home without a warrant; a claim against a Congressman
for firing his female secretary; and a claim against prison
officials for failure to treat an inmate's asthma." Id. at 1860
(citing Bivens, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619;
Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846
(1979); Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64
L.Ed.2d 15 (1980)).  "These three cases — Bivens, Davis, and
Carlson — represent the only instances in which the Court has
approved of an implied damages remedy under the Constitution
itself." Ziglar, 137 S. Ct. at 1855.

"Ziglar created a funnel through which plaintiffs alleging
constitutional violations by federal officials must pass. First,

federal courts must determine whether the cause of action presents a 'new context' for <u>Bivens</u> cases." <u>Alexander v. Ortiz</u>, No. 15-6981, 2018 WL 1399302, at *4 (D.N.J. Mar. 20, 2018). "The proper test for determining whether a case presents a new <u>Bivens</u> context is as follows. If the case is different in a meaningful way from previous <u>Bivens</u> cases decided by this Court, then the context is new." <u>Ziglar</u>, 137 S. Ct. at 1859.

First, the Court must decide whether Plaintiff's claims fall under one of the three categories already sanctioned by the Supreme Court as <u>Bivens</u>-type actions.  The Court holds that they do not.  In <u>Bivens</u>, the allegation was that the federal officer searched the plaintiff's home without a warrant, applied excessive force, and arrested him without probable cause. <u>Bivens</u>, 403 U.S. 388 at 389.  Plaintiff contends that the federal officers violated her Fourth Amendment rights "[b]y prolonging the detention of Plaintiff for the purpose of investigation, rather than for the safety of officers or the public, without her consent, and without probable cause, by transporting her from Apartment 1 and holding her at the Sheriff's Office, Defendants. . . violated her right under the Fourth Amendment." (<u>See</u> ECF 16 at 21).

Unlike in <u>Bivens</u>, the law enforcement officers here had a warrant to search Plaintiff's apartment and there is no allegation of excessive force.  Even assuming as true for this

part of the Bivens analysis that there was no probable cause for Plaintiff's transportation and detention, the existence of a lawful warrant for the initial search and the execution of that warrant leading to the seizure of contraband within Plaintiff's living space places this case well out of the ambit of Bivens. Plaintiff's claims also clearly do not fit under the umbrella of the other two cases in which the Supreme Court sanctioned damages against federal officers, Davis and Carlson, as there are no allegations that approximate a firing because of sex or a prison official's refusal to provide an inmate with medical care. Davis, 442 U.S. at 230-31; Carlson, 446 U.S. at 16-17. Thus, the Court holds that Plaintiff's claims are meaningfully different from Bivens, Davis, and Carlson.

Because Plaintiff's facts present a meaningfully different situation, the Court must decide whether expansion of the Bivens doctrine is appropriate here.  The Court must now consider whether alternative remedies exist for Plaintiff's claim.  "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Ziglar, 137 S. Ct. at 1858.  The most obvious alternative remedial scheme that the Court considers is The Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq, ("FTCA").  The Third Circuit has made clear that the FTCA's waiver of sovereign immunity does not extend to

intentional torts such as those arising out of allegations of false imprisonment or arrest.  Vanderklok v. United States, 868 F.3d 189, 202 (3d Cir. 2017) (noting that the FTCA does not provide relief for "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights") (internal alterations omitted).  That said, the FTCA allows such claims to survive where such claims are directed at investigative or law enforcement officers.  Id. at 202-03 (noting that under § 2680(h), the FTCA will allow a cause of action "'with regard to acts or omissions of investigative or law enforcement officers of the United States Government,'" for any claim arising "'out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution.'")  Plaintiff clearly could have brought her claims under the FTCA.

Next, the Court must consider whether there are special factors counselling against extending the Bivens remedy to the new cause of action.  "The Supreme Court did not define the phrase 'special factors counselling hesitation.' 'The necessary inference, though, is that the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed.'" Alexander v.

Ortiz, 2018 WL 1399302, at *7 (D.N.J. Mar. 20, 2018) (quoting
Ziglar, 137 S. Ct. at 1857-58).  There are such factors at play
here.

Ziglar noted that Bivens is not "a proper vehicle for
altering an entity's policy." Ziglar, 137 S. Ct. at 1860.  That
is effectively what Plaintiff is trying to do as her Amended
Complaint specifically points to a grievance with the policy
that led to her detention. (ECF 16 at 19) (indicating a
grievance with the policy that "officers may take persons, who
are present at an active scene including an active
search warrant scene, to the station house for purposes of
further investigation, when those persons may have some further
value for investigative purposes of the officer or of the
department or may be suspected of being a safety risk to
officers or the public, or of having engaged in criminal
activity").

Further, allowing individuals to sue the federal government
every time they were detained in connection with an
investigation, where there was a valid warrant which led to
evidence warranting additional investigation and no allegation
of excessive force would create a huge financial burden on the
government.  F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct.
996, 127 L.Ed.2d 308 (1994) (declining to extend Bivens to
federal agencies based in part on potential financial burden).

Having reviewed Plaintiff's claims under the Ziglar framework, the Court concludes that it would be inappropriate to extend the Bivens remedy to the facts of this case.

Finally, even if the Court were to extend Bivens to this context, Plaintiff has not plausibly alleged a Fourth Amendment violation.  Accepting that the investigative detention here constituted a seizure under the Fourth Amendment, Plaintiff's allegations in the Amended Complaint fail to plausibly allege the absence of probable cause.  Plaintiff concedes that a gun was found as a result of the search in the room where she was sleeping.  (ECF 34 at 14-15).  The Marshal Defendants' answer also reveals that the search yielded ammunition, counterfeit currency, and various amounts of United States currency.  (ECF 26 at 12); Vaccaro v. Amazon.com.dedc, LLC, 2019 WL 1149783, at *1 n.1 (D.N.J. Mar. 13, 2019) ("While Plaintiff argues that the Court cannot consider anything outside of her Complaint, on a Rule 12(c) motion, however, the factual allegations in the Answer are also taken as true to the extent they have not been denied or do not conflict with the Complaint.")  Indeed, Plaintiff does not dispute that those items were found during the search.  (ECF 34 at 14-15).

Looking at the face of the pleadings, Plaintiff has not plausibly plead that the Marshal Defendants lacked probable cause to detain and transport her.  "[P]robable cause to arrest

exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Dempsey v. Bucknell Univ., 834 F.3d 457, 467 (3d Cir. 2016).  In her opposition brief to the instant motion, Plaintiff argues that none of the contraband was found on her side of the bedroom and that the other occupant of the room admitted that it was his gun.  (ECF 34 at 13-15).  She argues that these facts show that the contraband could not have belonged to her (Id.)  This argument is unavailing.

First, that the other occupant of Plaintiff's room stated that the gun was his does not mean that the Marshal Defendants did not have probable cause in that moment to believe that Plaintiff could have possessed it as well when it was found in her bedroom.  See D.O. ex rel. C.O. v. Borden, 804 F. Supp. 2d 210, 222 (D.N.J. 2011) ("Probable cause exists when the totality of facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense.")  Second, the Marshal Defendants found drugs, counterfeit currency, and cash in Plaintiff's room.  (ECF 26 at 12).  Third, the allegations regarding what side of the room the Marshal Defendants found the items are not in the Amended

Complaint; they are in Plaintiff's proposed Second Amended Complaint.  (See ECF 33).

Even if those allegations were in the Amended Complaint, they do not mean, even when accepted as true, that the Marshal Defendants lacked probable cause, especially where they would not have reason to know where in the room Plaintiff kept her personal items.  "The standard does not require that officers correctly resolve conflicting evidence or that their determinations of credibility, were, in retrospect, accurate." Dempsey, 834 F.3d at 467 (internal alterations omitted) (citing Wright v. City of Phila., 409 F.3d 595, 603 (3d Cir. 2005)). Therefore, the Court perceives no violation of Plaintiff's Fourth Amendment rights based on the pleadings.  For purposes of maintaining Bivens claims, Plaintiff has not pled a violation of her Fourth Amendment rights, let alone one already recognized by the Supreme Court or within the zone of a reasonable expansion of the Bivens remedy.

To hold otherwise would undermine the Supreme Court's admonishment in Ziglar "that expanding the Bivens remedy is now a 'disfavored' judicial activity" by rendering endless second guessing by the federal courts of a plethora of investigative steps taken after the execution of a valid warrant leads to evidence of a crime.  Therefore, the Court will grant judgment in favor of the Marshal Defendants on Counts I and II.

### b. Count III, IV, VI, VII for Violation of § 1983 and the NJCRA.

Counts III and IV premised on § 1983 and Counts VI and VII, premised on the NJCRA must be dismissed for much the same reason as Counts I and II.  Namely, Plaintiff has not plausibly alleged on the face of the Amended Complaint that the Marshal Defendants violated her Fourth Amendment rights by detaining and transporting her without probable cause.  The Marshal Defendants argue that they are entitled to qualified immunity with respect to the § 1983 claims and that Plaintiff cannot sue federal actors under § 1983 or the NJCRA.  (ECF 27-2 at 27-37).  The Court will resolve the matter on much simpler grounds: even assuming that the Marshal Defendants were state actors subject to § 1983 and not federal agents subject to a Bivens claim,[4]

---

[4] The Marshal Defendants cannot be liable under both Bivens and § 1983.  As a factual matter, the Marshal Defendants were either federal actors liable under Bivens or state actors subject to claims under § 1983.  Of course, a plaintiff may plead alternative theories.  Doherty v. The Hertz Corp., 2010 WL 4883487, at *6 (D.N.J. Nov. 24, 2010) ("[A] plaintiff may plead alternative and inconsistent legal causes of action arising out of the same facts.").  Here, the Court need to not reach Defendants' argument that they are "federal actors" not "state actors" and thus cannot be held liable under § 1983 or the NJCRA since Plaintiff has not adequately pled violation of a constitutional right.  The Court notes, though, that federal employees may be considered state actors when they effectively are working as part of a state law enforcement unit.  See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("A person may be found to be a state actor when (1) he is a state official, (2) he has acted together with or has obtained significant aid from state officials," or (3) his conduct is, by its nature, chargeable to the state.") (internal

Plaintiff has not plausibly plead a violation of a
constitutional right.

This district analyzes claims brought under § 1983 and the
NJRCA under the same standard.  Hottenstein v. City of Sea Isle
City, 977 F. Supp. 2d 353, 365 (D.N.J. 2013), amended, 2013 WL
12152481 (D.N.J. Oct. 16, 2013) ("[T]he NJCRA and § 1983, when
pled together, are analyzed under the same standard; first, the
Defendant must have acted under color of state law, and second,
the Defendant must have violated a constitutional right.");
Conte v. Goodwin, 2021 WL 141337, at *7 (D.N.J. Jan. 15, 2021)
"Because the standard under the New Jersey Constitution is the
same as that under the United States Constitution, the Court
will interpret Plaintiff's NJCRA claims analogously to his §
1983 claims.")

To state a claim under § 1983, a plaintiff must allege a
violation of a constitutional right.  Ingram v. Warden, 2010 WL
5317368, at *3 (D.N.J. Dec. 17, 2010) ("A plaintiff may have a
cause of action under 42 U.S.C. § 1983 for certain violations of
his constitutional rights.")  As stated above, Plaintiff bases

---

quotation marks omitted); Adams v. Springmeyer, 2012 WL 1865736,
at *5 (W.D. Pa. May 22, 2012) (applying the Angelico analysis to
an agent with the FBI and finding that where it was alleged that
the agent was acting on a state warrant and that the agent was
actually employed by the municipality and only was working on an
FBI task force through her municipal employment, the agent could
be considered a state actor).

her § 1983 and NJCRA claims on violation of the Fourth Amendment.  Such claims necessarily require that the plaintiff show that they were detained or arrested without probable cause. Manuel v. City of Joliet, Ill., 137 S. Ct. 911, 918, 197 L. Ed. 2d 312 (2017) ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause."); Dixon v. Williams, 2015 WL 5695923, at *5 (M.D. Pa. Sept. 28, 2015) ("A claim for unlawful detention under the Fourth Amendment requires plaintiff to establish that he was subjected to a Fourth Amendment seizure (whether it be a formal arrest or prolonged detainment), without probable cause.") (internal alterations omitted).

For the same reasons that the Court holds that there was no constitutional violation such that Plaintiff's Bivens claims could proceed, it equally holds here, that Plaintiff's claims under § 1983 and the NJCRA must be dismissed.  Specifically, the fact that the Marshal Defendants found a gun, counterfeit money, drugs, and cash in Plaintiff's bedroom makes it reasonable for them to have believed that Plaintiff had committed a crime and to detain her to investigate further.  United States v. Brooks, 48 F. App'x 837, 841 (3d Cir. 2002) (noting that the discovery of drugs, cash, and weapons are strong evidence of drug distribution).  Because the Court finds that Plaintiff has not alleged a violation of a constitutional right, it need not

18

address the Marshal Defendants' argument that they are entitled
to qualified immunity.

### c. Further Amendment to the Amended Complaint Would Be Futile

District courts "should freely give leave to amend when
justice so requires." Schomburg v. Dow Jones & Co., 504 F. App'x
100, 103 (3d Cir. 2012) (citing Rule 15(a)(2)) (internal
alterations omitted).  "Thus, leave to amend ordinarily should
be denied only when amendment would be inequitable or futile."
(Id.)  "[T]hese principles apply equally to *pro se* plaintiffs
and those represented by experienced counsel." Alston v.
Parker, 363 F.3d 229, 235 (3d Cir. 2004).  "Futility 'means that
the complaint, as amended, would fail to state a claim upon
which relief could be granted.'" Burtch v. Milberg Factors,
Inc., 662 F.3d 212, 231 (3d Cir. 2011) (quoting Great W. Mining
& Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir.
2010)).  Courts have held amendment to be inequitable where the
plaintiff already had an opportunity to amend the complaint.
Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000) ("[W]e are
inclined to give the District Court even broader discretion
when, as here, the court has already granted the requesting
party an opportunity to amend its complaint."); McMahon v.
Refresh Dental Mgmt., LLC, 2016 WL 7212584, at *11 (W.D. Pa.
Dec. 13, 2016) ("The court need not provide endless

opportunities for amendment, especially where such opportunity already has been enjoyed.") (internal alterations and quotation marks omitted).

Here, the Court holds that amendment would be futile because Plaintiff's proposed Second Amended Complaint still fails to state a plausible claim.  Plaintiff's main contention is that her proposed Second Amended Complaint pleads facts that shows that the Marshal Defendants did not have probable cause to detain her.  (ECF 37 at 9-12).  The proposed amendments include new allegations that all the contraband seized was found on Rogers' side of the bedroom, not hers.  (ECF 33 at 10-11).  She also adds that there was a safe on Rogers' side of the room and that she did not know its contents.  (Id.)  She alleges that the counterfeit money found was merely being used for "video props." (Id.)  Plaintiff also adds some irrelevant facts about the number of rooms in the apartment and their layout and a description of the contraband.  (Id.)  Further, Plaintiff includes an allegation that the purpose of the search warrant was "incriminating evidence for the crime of distribution of controlled dangerous substances." (Id. at 12).  Finally, Plaintiff explicitly adds language that the Marshal Defendants worked for the U.S. Marshals and that they should have questioned her, Rogers, and Calo further while on the scene. (Id. at 22-23).

Nothing in these new statements plausible alleges that the Marshal Defendants lacked probable cause to detain her.  As explained above, probable cause must be measured based on the "totality of facts and circumstances" that are before "an ordinary prudent officer."  See Borden, 804 F. Supp. 2d at 222 ("Probable cause exists when the totality of facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense.")  Plaintiff has not cited a single case that undermines this proposition or that shows that the officers acted unreasonably based on these facts.  (See generally ECF 37-1).  Plaintiff has already had a chance to amend her complaint in this action.  Her proposed second bite at the apple also comes up short.  The Court will deny Plaintiff's motion to file a Second Amended Complaint on the ground that leave to do so would be futile.[5]

## CONCLUSION

For the reasons stated above, the Court will grant the Marshal Defendants' motion for judgment on the pleadings. (ECF 27).  The Court will deny the motion to dismiss filed prior to the filing of the Amended Complaint as moot. (ECF 13).  Finally,

---

[5]  The Court notes that Plaintiff failed to file a brief or a statement that no brief was necessary with its motion to amend as is required under the Local Rules.  L. Civ. Rule 7.1(d); (ECF 33).

the Court will not grant Plaintiff leave to amend because the facts as already alleged demonstrate that Plaintiff can plead no state of facts that her relatively brief investigative detention violated the Fourth Amendment.  Accordingly, any additional amendment would be futile. (ECF 33); Reardon v. New Jersey, 2015 WL 105195, at *1 (D.N.J. Jan. 7, 2015) ("Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss.)

An appropriate Order will be entered.


Date: March 5, 2022    /s  Noel L. Hillman
At Camden, New Jersey   NOEL L. HILLMAN, U.S.D.J.